```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

BARRY A. FISHER, RECEIVER FOR )   CIVIL NO. 09-00232 JMS-LEK
BILLION COUPONS, INC. (aka    )
BILLION COUPONS INVESTMENT),  )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
MARVIN R. COOPER AND KENNEDY  )
LILI COOPER,                  )
                              )
          Defendants.         )
_____)
```

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**

Before the Court is Plaintiff Barry A. Fisher's,[1] ("Plaintiff"), Motion for Default Judgment Against Defendants, which was filed on November 6, 2009 ("Motion").  Defendants Marvin R. Cooper and Kennedy Lili Cooper (collectively "Defendants") did not respond to the Motion.  This matter came on for hearing on December 16, 2009, at 10:00 a.m.  Plaintiff's counsel, Kurt Fritz, Esq., appeared, but, after three calls, no one appeared for Defendants.  After careful consideration of the Motion, the supporting memorandum, declarations and exhibits, and the records on file in this and the related actions, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff'S Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

---

[1] Plaintiff is the Receiver for Billion Coupons, Inc., also known as Billion Coupons Investment.

**BACKGROUND**

On February 18, 2009, the Securities and Exchange Commission ("SEC") filed a complaint in Civil Number 09-00068 JMS-LEK alleging that Marvin R. Cooper ("Mr. Cooper") and Billion Coupons, Inc., also known as Billion Coupons Investment ("BCI"), were involved in the fraudulent offer and sale of more than $4 million of securities. On the same day, the United States Commodity Futures Trading Commission ("CFTC") filed a complaint in Civil Number 09-00069 JMS-LEK alleging that Mr. Cooper and BCI were involved in the fraudulent offer and sale of more than $4 million of securities. Also on February 18, 2009, the district judge granted a temporary restraining order in both cases, which, among other things, appointed Barry A. Fisher, Plaintiff in the instant case, as temporary receiver. The SEC and CFTC both moved for consolidation of the two cases. The district judge granted the motions to consolidate on March 2, 2009.

On March 3, 2009, the district judge issued a preliminary injunction in the consolidated SEC and CFTC actions (collectively "the Government Actions") which, among other things, appointed Plaintiff as permanent receiver for BCI and granted him several powers, rights, duties and responsibilities, including to "employ attorneys . . . to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the

activities of present or past employees or agents of BCI[.]" [Preliminary Injunction and Orders: (1) Freezing Assets, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) and Requiring Accountings, CV 09-00068 JMS-LEK, filed 3/3/09 (dkt. no. 36), at 10.]

On May 21, 2009, Plaintiff, in his capacity as receiver for BCI, filed the complaint in the instant action against Mr. Cooper and his wife, Kennedy Lili Cooper ("Mrs. Cooper"), to recover on behalf of BCI certain monies that Mr. Cooper, acting as the Chief Executive Officer of BCI, had misappropriated.  In the Complaint, Plaintiff alleged that BCI had raised more than $4.4 million from investors, most of them members of the deaf community in the United States and Japan, to operate a Ponzi scheme.[2]  Plaintiff also alleged that Mr. Cooper had misappropriated corporate funds to pay more than $1.4 million of

---

[2]
> A Ponzi scheme is a financial fraud that induces investment by promising extremely high, risk-free returns, usually in a short time period, from an allegedly legitimate business venture.  "The fraud consists of funneling proceeds received from new investors to previous investors in the guise of profits from the alleged business venture, thereby cultivating an illusion that a legitimate profit-making business opportunity exists and inducing further investment.  In re United Energy Corp., 944 F.2d 589, 590 n. 1 (9th Cir.1991).  See generally Cunningham v. Brown, 265 U.S. 1, 7-9, 44 S.Ct. 424, 68 L.Ed. 873 (1924) (detailing the remarkable criminal financial career of Charles Ponzi).

Donell v. Kowell, 533 F.3d 762, 767 n.2 (9th Cir. 2008).

Defendants' personal expenses.

More specifically, Plaintiff alleged that Mr. Cooper "caused over $300,000.00 of BCI funds to be transferred to pay off the loan on [a condominium] for the benefit of [Mrs. Cooper]," in whose name title to the condominium had been taken ("the Condominium"[3]).  [Complaint at ¶¶ 13-14.]  Plaintiff also alleged that Mr. Cooper had caused more than $400,000 in BCI funds "to be transferred in payment of various other personal expenses and purchases for the benefit of [Defendants] and their family including, but not limited to, meals, vacations, clothes, sunglasses, membership fees, school costs, flight school, travel, furniture and furnishings, electronics, boat-related costs, and auto-related costs."  [Id. at ¶ 16.]

Plaintiff sought to recover these improper transfers on theories of fraudulent transfer and conversion.  Among other relief, Plaintiff requested that title to property purchased with the improper transfers be vested in his name for the benefit of the receivership estate in the Government Actions, that a constructive trust be imposed on the Condominium, and that he be awarded damages and costs.

Plaintiff repeatedly attempted to serve Defendants with the Summons and Complaint by personal delivery and by certified

---

[3] The legal description of the Condominium is contained in Exhibit A to the Complaint.

mail, but he was unable to do so. Upon Plaintiff's *ex parte* application, this Court authorized service by publication and set a return hearing date of September 28, 2009. The Summons was published once a week for four consecutive weeks in The Honolulu Advertiser, with the last publication occurring on August 17, 2009. Defendants, however, did not appear at the return hearing. Plaintiff requested entry of default, and the Clerk of the Court entered default on September 28, 2009. The instant Motion followed.

## **DISCUSSION**

By the instant Motion, Plaintiff seeks default judgment and requests that: (1) title to the Condominium owned by Mrs. Cooper be transferred to him; (2) damages be awarded in the amount of $698,611.06, together with interest running from December 30, 2008 (the date of the last wrongful transfer); and (3) costs be awarded in the amount of $1,643.28.

**I. Liability**

Defendants defaulted when they did not respond to the Complaint in the time allowed. See Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant must answer complaint within twenty-one days of service); Fed. R. Civ. P. 55(a) (clerk must enter default when defendant's failure to plead or defend is shown by affidavit or otherwise). The rule, well-established in the Ninth Circuit, is that when a defendant defaults, all of the plaintiff's well-

pleaded allegations regarding liability are deemed admitted. See, e.g., DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007); Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977); see also Fed. R. Civ. P. 8(b)(6).  This Court has recently recognized and applied this rule.  See United States v. Suganuma, 546 F. Supp. 2d 996, 1001 (D. Hawai`i 2008).

      As to liability for fraudulent transfer, Plaintiff alleged that the payments BCI made for the Condominium and for personal expenses of members of the Cooper family were fraudulent because BCI has creditors and the transfers were made: (1) with actual intent to hinder, delay, or defraud these creditors; or (2) for less than reasonably equivalent value at a time when BCI was insolvent or knew or should have known it would not be able to pay its debts as they became due.  This Court FINDS that these allegations state a claim for fraudulent transfer under Hawai‘i law.  See Haw. Rev. Stat. §§ 651C-4(a), 651C-5(a); Hayes v. Palm Seedlings Partners-A (In re Agric. Research & Tech. Group, Inc.), 916 F.2d 528, 534-35 (9th Cir. 1990) (applying Hawai‘i law); Valvanis v. Milgroom, 529 F. Supp. 2d 1190, 1196-98 (D. Hawai`i 2007) (same).  Indeed, the "[c]ourts have routinely applied UFTA [Uniform Fraudulent Transfer Act] to allow receivers or trustees in bankruptcy to recover monies lost by Ponzi-scheme investors."

Donell, 533 F.3d at 767 (citing In re Agric. Research & Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); Scholes v. Lehmann, 56 F.3d 750, 755 (7th Cir. 1995)); accord Sec. & Exch. Comm'n v. Res. Dev. Int'l, LLC, 487 F.3d 295 (5th Cir. 2007).

As to liability for conversion, Plaintiff alleges that Defendants misappropriated more than $600,000 of BCI's funds when they used these funds to pay for the Condominium and other personal and family expenses.  This Court FINDS that such improper exercise of ownership over and use of these funds amounts to conversion under Hawai'i law.  See Pourny v. Maui Police Dep't, 127 F. Supp. 2d 1129, 1146 (D. Hawai`i 2000) (defining conversion as wrongful exercise of dominion over another's personal property); Tsuru v. Bayer, 25 Haw. 693, 697 (1920) (same).  Indeed, the courts have repeatedly held that corporate officers who use corporate monies to pay for personal expenses are liable for conversion.  See, e.g., Garner v. First Nat'l City Bank, 465 F. Supp. 372, 380 (S.D.N.Y. 1979) (noting that, under New York law, "a corporate officer who applies corporate funds to purposes beyond the scope of his authority converts them"); Corbin v. Corbin, 429 F. Supp. 276, 281 (N.D. Ga. 1977) ("corporate funds simply cannot be used to meet an officer's personal desires and obligations"); O'Neal v. Sw. Mo. Bank of Carthage (In re Broadview Lumber Co.), 168 B.R. 941, 960-61 (Bankr. W.D. Mo. 1994) (president of corporation held liable

for conversion when he used corporate funds to pay for windows in his personal residence).

## II.  **Damages and Other Relief**

Although Defendants' default establishes their liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled.  See Fed. R. Civ. P. 8(b)(6); Geddes, 559 F.2d at 560.  As this Court has previously held, a plaintiff seeking a default judgment "must establish the relief to which it is entitled[,]" Suganuma, 546 F. Supp. 2d at 1001, and it may do so by means of documentary evidence and affidavits or declarations, see, e.g., Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc. (In re Home Rests., Inc.), 285 F.3d 111, 114 (1st Cir. 2002); Suganuma, 546 F. Supp. 2d at 1002.  Here, Plaintiff submitted copies of the bank records of BCI's account at Central Pacific Bank (including monthly statements, canceled checks and wire transfer reports), [Motion, Exhs. 1-4 to Decl. of Glenn K.C. Ching,] and copies of the recorded satisfactions of mortgages on the Condominium, [Motion, Exhs. 10-11 to Decl. of Kurt Fritz].  This Court FINDS that these documents show that a total of $282,626.39 of BCI funds was used for mortgage payments on and monthly dues for the Condominium and also that a total of $698,611.06 of BCI funds was used to pay for various personal and family expenses of Defendants (e.g., flight school, aircraft and boat maintenance, Jenny Craig membership,

lawn care, checks payable to cash or to Mr. Cooper personally, and escrow payments).

As relief for the claims for fraudulent transfer and conversion, Plaintiff requests that title to the Condominium be transferred from Mrs. Cooper to him.  This Court FINDS this to be an appropriate remedy.  In fraudulent transfer cases, a receiver may take charge of fraudulently transferred assets or assets that the transferee acquired through fraudulent transfers.  See Haw. Rev. Stat. § 651C-7(a)(3)(B); Biliouris v. Sundance Res., Inc., 559 F. Supp. 2d 733, 737-39 (N.D. Tex. 2008); Valvanis, 529 F. Supp. 2d at 1205.  Alternatively, a constructive trust may be imposed on the Condominium, and Mrs. Cooper may be compelled to transfer title to Plaintiff for the benefit of the receivership estate.  See Beneficial Haw., Inc. v. Kida, 96 Hawai`i 289, 315, 30 P.3d 895, 921 (2001) ("When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity [may convert] him into a trustee." (citations and quotation marks omitted) (alteration in original)); DeMello v. Home Escrow, Inc., 4 Haw. App. 41, 48, 659 P.2d 759, 763-64 (1983) ("a constructive trust may be defined as a device utilized by equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs" (citation and quotation marks omitted)).  Further, when real property is located within the

district, as the Condominium is, the district court "may enter a judgment divesting any party's title and vesting it in others." Fed. R. Civ. P. 70(b).

Plaintiff also seeks a money judgment for the balance of $698,611.06 in improper transfers, which were not made in connection with the Condominium. The law allows recovery of a money judgment when cash is fraudulently transferred or when the transferee no longer possesses the assets transferred. See Haw. Rev. Stat. § 651C-7(a); Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc., 440 F. Supp. 2d 195, 204 (E.D.N.Y. 2006); Phillips v. Moazzeni (In re Tarangelo), 378 B.R. 128, 138 (Bankr. E.D. Va. 2007). In addition, the established remedy for conversion is an award of money damages for the value of the property converted. See, e.g., Roxas v. Marcos, 89 Hawai`i 91, 149-52, 969 P.2d 1209, 1267-70 (1998); Tsuru, 25 Haw. at 696-97. Thus, this Court FINDS that an award for damages in the amount of $698,611.06 is an appropriate remedy in this case. The Court FURTHER FINDS that pre-judgment interest should accrue on this portion of the judgment from the date of the last improper transfer of BCI funds (December 30, 2008), as requested by Plaintiff. See In re Agric. Research & Tech. Group, Inc., 916 F.2d at 541 (pre-judgment interest appropriate for fraudulent transfer); Roxas, 89 Hawai`i at 156-57, 969 P.2d at 1274-75 (pre-judgment interest appropriate for conversion).

Finally, Plaintiff seeks an award of $1,643.28 for costs. Costs other than attorney's fees should generally be awarded to the prevailing party. See Fed. R. Civ. P. 54(d)(1). The prevailing party is the party in whose favor final judgment has been entered. See Local Rule LR54.2(a). Insofar as the instant case has not yet reached final judgment, Plaintiff's request for costs is premature. This Court therefore RECOMMENDS that Plaintiff's request for costs be DENIED WITHOUT PREJUDICE to the filing of Bill of Costs in compliance with Local Rule 54.2 after final judgment has been entered in Plaintiff's favor.

### III. Propriety of Default Judgment

District courts have discretion whether to enter a default judgment. See, e.g., Aldabe v. Alddabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Suganuma, 546 F. Supp. 2d at 1001. The Ninth Circuit has identified seven factors for district courts to consider in exercising their discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). As this Court has stated, "'In applying this discretionary standard, default judgments are more often granted

than denied.'" Suganuma, 546 F. Supp. 2d at 1001 (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Here, Plaintiff has diligently pursued this litigation, and both he and the BCI investors on whose behalf he seeks to recover funds will be prejudiced if default judgment is not entered.  Also, as discussed above, the Complaint adequately alleges, and the BCI bank records and other documentary evidence support, claims of fraudulent transfer and conversion against Defendants; and these claims involve nearly $1 million, a substantial sum of money.  Furthermore, since Defendants have never appeared in this action, there is nothing in the record to indicate that there is a possibility the material facts will be disputed or that Defendants' default resulted from excusable neglect.

This Court therefore FINDS that: factors (1) through (6) weigh in favor of granting the Motion; only factor (7) weighs against granting the Motion; and default judgment against Defendants is warranted.  See Suganuma, 546 F. Supp. 2d at 1002.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiff's Motion for Default Judgment Against Defendants, filed November 6, 2009.

Specifically, this Court FINDS that: (1) Defendants are in default; (2) the Complaint sufficiently alleges liability against Defendants for fraudulent transfer and conversion; and (3) the evidence establishes that Defendants fraudulently transferred and converted $981,237.45 of funds that belonged to BCI and improperly used these funds for mortgage payments and monthly dues on the Condominium and for other personal and family expenses of Defendants.

The Court RECOMMENDS that the district judge DIRECT the entry of a judgment that: (a) divests Defendant Kennedy Lili Cooper of title to the Condominium and vests title in Plaintiff; and (b) awards Plaintiff damages in the amount of $698,611.06, plus interest from December 30, 2008.  The Court further RECOMMENDS that the district judge DENY Plaintiff's request for costs WITHOUT PREJUDICE to the refiling of a Bill of Costs after the entry of final judgment.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 30, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BARRY A. FISHER, ETC. V. MARVIN R. COOPER, ET AL; CIVIL NO. 09-00232 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**